**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1954

STEPHEN SANDERS,

Plaintiff - Appellant,

versus

MITRE CORPORATION,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CA-04-1116-1)

Submitted: July 31, 2006               Decided: August 21, 2006

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen Sanders, Appellant Pro Se. Robert John Smith, Karen Ellen Gray, MORGAN, LEWIS & BOCKIUS, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stephen Sanders appeals from the jury verdict in favor of Defendant in his suit under the Age Discrimination in Employment Act. He also appeals from the district court's order granting in part Defendant's motion for summary judgment. We have reviewed the record and the briefs on appeal, and we find that the district court's order on summary judgment was without reversible error. Thus, we affirm that order for the reasons stated by the district court. See Sanders v. Mitre Corp., No. CA-04-1116-1 (E.D. Va. filed July 20, 2005 & entered July 21, 2005).

With regard to the jury verdict, Sanders first challenges several evidentiary rulings of the district court. We review the district court's evidentiary rulings for an abuse of discretion. Because the district court has first-hand knowledge of the trial proceedings, the district court should be afforded wide discretion in determining whether evidence is unduly prejudicial, and the district court's evidentiary determination should not be overturned except under extraordinary circumstances. United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). Sanders raises four alleged evidentiary errors by the district court.

First, the district court excluded certain copies of Sanders' prior performance reviews, because they were not provided by the deadline for trial exhibits. However, several witnesses testified about Sanders' positive reviews prior to his promotion.

- 2 -

Thus, because the documents did not illuminate a disputed fact, any error was harmless.

Second, the district court sustained Defendant's objection to Sanders' testimony that he was replaced on one of his projects by someone substantially younger. However, when Sanders was taken off this project, he was moved to another project, which was comparable so far as benefits, compensation, and all other relevant employment variables. Sanders offered no proof that the second project was a demotion. Thus, evidence of Sanders' replacement was minimally probative, and the district court did not abuse its discretion in excluding it.

Third, Sanders contends that he was not permitted to testify that he could not use his notes to refresh his memory at his deposition. That fact, Sanders argues, explains why his trial testimony was different from his deposition testimony. However, Sanders repeatedly testified in front of the jury that he did not have his notes at his deposition and that he had reviewed the notes prior to trial. Because this evidence was not actually excluded, Sanders' claim is without merit.

Finally, Sanders asserts that he was not permitted to testify that his requests for a witness at probationary meetings were denied. Our review of the record does not show that Sanders ever attempted to enter this information into evidence, and Sanders fails to identify where in the trial transcript this alleged error

occurred. Moreover, even if Defendant refused to have witnesses at the probationary meetings, this fact is not relevant to Sanders' claims of discrimination absent an allegation that younger employees were treated differently, which Sanders does not claim. Accordingly, any error was harmless.

Sanders also asserts that the district court erred in denying his motion for a three-month continuance. Sanders sought the continuance in order to retain an attorney and to permit the attorney to prepare for trial. However, Sanders had nearly two months from the date of the final pretrial conference until trial to find counsel. Moreover, in his motion, Sanders did not provide any reason for his delay in retaining an attorney. Further, Sanders does not explain how a better prepared attorney would have altered the result of his trial. Thus, Sanders has failed to show that the district court's denial was an abuse of discretion. See Kosnoski v. Bruce, 669 F.2d 944, 947 (4th Cir. 1982) (standard of review).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED